UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CYNTHIA ANN SORENSEN

        Plaintiff,                CIVIL ACTION NO. 09-11570

v.                                    DISTRICT JUDGE AVERN COHN

COMMISSIONER OF SOCIAL      MAGISTRATE JUDGE DONALD A. SCHEER
SECURITY,

       Defendant.
_____/

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant regained the residual functional capacity for a limited range of sedentary work after February 1, 2006.

\*   \*   \*

Plaintiff filed applications for Social Security Disability Income Benefits (DIB) and Supplemental Security Income (SSI) benefits on October 1, 2003, alleging that she had become disabled and unable to work due to severe left ankle pain and mental depression. Benefits were granted by the Social Security Administration (SSA) in February 2004.

Pursuant to a continuing disability review, it was determined that Plaintiff was no longer eligible for benefits as of February 1, 2006, because her leg pain and emotional difficulties were no longer disabling. Plaintiff appealed this determination, which was affirmed by the SSA upon reconsideration. A requested de novo hearing was held on January 6, 2009, before Administrative Law Judge (ALJ) John Christensen. The ALJ found that claimant's leg pain and emotional issues had medically improved. He determined that

the claimant had regained the residual functional capacity, after February 1, 2006, to perform simple, routine sedentary work accommodating her limited ability to repetitively climb, bend, crouch or crawl. The Appeals Council declined to review that decision, and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's termination of benefits after February 1, 2006, was supported by substantial evidence on the record.

Plaintiff was 29 years old at the time of the administrative hearing in January 2009 (TR 535). She had been graduated from high school, and had been employed as a fast food worker, retail stock person and cashier (TR 536, 539). Claimant alleged that she remained disabled since 2005, due to severe ankle pain and mental depression (TR 538-539). Plaintiff explained that she stopped working in 2005 after her father's hardware store went out of business (TR 537).

Claimant testified that she had suicidal thoughts in the past, and continued to have memory and concentration problems (TR 541-542). She admitted to a prior history of alcohol abuse (TR 539). Plaintiff indicated that she injured her left ankle in a January 2003 car accident, but she stopped physical therapy in 2006 when doctors could no longer alleviate her pain (TR 544). Nevertheless, claimant believed that she could return to work as long as she did not have to deal with the public, and she was allowed to sit for upwards 6 hours (TR 538, 540).

A Vocational Expert, Pauline McEachin, classified Plaintiff's past work as light to medium, unskilled activity (TR 551). The witness testified that if the claimant were capable of sedentary work, there were numerous inspection, packaging and assembly jobs that she

could perform with minimal vocational adjustment (TR 552). These simple, routine jobs did not require much concentration, did not involve repeated bending, stopping or twisting, and involved minimal exposure to the general public (TR 551).

STANDARD OF REVIEW

To determine whether a beneficiary's disability continues, the Commissioner considers: (1) whether there has been medical improvement in the individual's condition related to her ability to work; and (2) whether the individual can perform substantial gainful activity. 42 U.S.C. §§423(f)(1), 1614(a)(4)(A)(I). For purposes of determining whether medical improvement has occurred, the SSA compares a beneficiary's current condition with her condition as of the date of the most recent favorable medical decision. 20 C.F.R. §404.1594(b)(7)(2009).

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision

is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc); Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993).

LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as result of status post left ankle fracture, reflex sympathetic dystrophy, depression, a borderline personality disorder and a history of alcohol abuse, but that these conditions had medically improved since February 2004, (the date of the original disability decision) such that she could perform simple, routine sedentary work that did not involve dealing with the public or performing repetitive bending and twisting. The ALJ terminated claimant's DIB and SSI benefits as of February 2006.

DISCUSSION AND ANALYSIS

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff regained the ability to perform a significant number of sedentary jobs after February 2006, that accommodated her limited ability to carry out complex tasks in a public forum. Contrary to Plaintiff's contention, the medical evidence of record supported the finding that Plaintiff's physical and mental conditions had improved since the date of the original disability decision, and that she could now perform the walking, standing and lifting required of sedentary work activity.

The claimant was found to be disabled in February 2004, due to fractures of the lower limb that were severe enough to meet section 1.06 of the Listing of Impairments (TR

11). In reviewing Plaintiff's continued eligibility for disability benefits, the ALJ determined that as of February 2006, Plaintiff no longer met or equaled Listing 1.06 or any other listed impairment (TR 13). Plaintiff does not contest the ALJ's finding that she no longer meets the criteria in Listing 1.06

The medical record supports the ALJ's determination that Plaintiff experienced medical improvement related to her ankle. After a second surgery in September 2005, Plaintiff's treating surgeon consistently reported decreased symptoms and increased function, and described her post-surgical outcome as "excellent" (TR 185-87). No doctor opined that Plaintiff continued to meet or equal Listing 1.06 after February 2006. To the contrary, state agency physicians reviewed the evidence of record in 2006, and expressly concluded that Plaintiff did not meet or equal any listed impairment (TR 192-199, 255-262).

Plaintiff argues that her struggles with major depression and personality disorder combine to meet section 12.04 of the Listing of Impairments. Contrary to the claimant's assertion, her mental difficulties are not disabling. No doctor opined that Plaintiff's mental impairment met or equaled a listed impairment as of February 2006, when she was determined to no longer be disabled. The only mental health professionals to express an opinion on the subject concurred that Plaintiff's mental impairment did not meet or equal a listed impairment (TR 202-218, 237-253). Rather than considering claimant disabled, these doctors considered her capable of performing simple, unskilled work (TR 218, 253). Significantly, the claimant also testified that she could perform such work, if it were available (TR 538, 540).

Given the objective clinical findings showing medical improvement from the time Plaintiff was initially granted disability benefits, the Law Judge reasonably determined that

the claimant was no longer entitled to disability benefits. In light of that evidence, the Commissioner could reasonably conclude that Plaintiff's subjective complaints of persistent, severe, totally disabling symptoms after February 2006 were not fully credible.

It is the rare case, the exception, in which every piece of evidence points incontrovertibly towards a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff remained totally disabled. However, special deference is owed to the credibility finding of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said in light of how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly. Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978).  See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

By establishing that she could not return to her past relevant work, the Plaintiff effectively shifted to the Commissioner the burden of proving that she had the vocational qualifications to perform alternative jobs existing in the economy, notwithstanding her impairments[1]. The Commissioner met his burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to a hypothetical question that

---

[1]The Administrative Law Judge's hypothetical questions to the Vocational Expert accurately described Plaintiff's moderate limitations caused by her ankle pain and mental difficulties.  The ALJ reasonably determined that claimant's on-going joint discomfort limited her to sedentary work that did not involve frequent climbing, balancing, kneeling, crouching or crawling (TR 13). Contrary to Plaintiff's assertion, there was no objective medical evidence suggesting that she was unable to sustain sufficient concentration to perform simple, routine tasks on a continuing basis. The Sixth Circuit has held that hypothetical questions to experts are not required to included lists of claimant's medical conditions. Webb v. Commissioner, 368 F.3d 629, 633 (6th Cir. 2004). Under these circumstances, the ALJ's hypothetical question accurately portrayed Plaintiff's impairments.

took into consideration claimant's educational and vocational background, along with her significant impairments, the Vocational Expert testified that there were numerous inspection, packaging and assembly jobs that she could perform with minimal vocational adjustment (TR 552). These simple, routine jobs did not require much concentration, did not involve repeated bending, stopping or twisting, and involved minimal exposure to the general public (TR 551). Given the objective clinical findings of the examining physicians and physical therapists of record since February 2006, substantial evidence existed on the record that Plaintiff regained the residual functional capacity for a restricted range of sedentary work activity.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise.  Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to Rule 72.1 (d)(2) of the

<u>Local Rules of the United States District Court for the Eastern District of Michigan</u>, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limits are extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                              s/Donald A. Scheer  
                                              DONALD A. SCHEER  
                                              UNITED STATES MAGISTRATE JUDGE

DATED: December 1, 2009

_____

### CERTIFICATE OF SERVICE

I hereby certify on December 1, 2009 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on December 1, 2009: **None.**

                                              s/Michael E. Lang  
                                              Deputy Clerk to  
                                              Magistrate Judge Donald A. Scheer  
                                              (313) 234-5217