UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CYNTHIA ANN SORENSEN,

     Plaintiff,

                                           Case No. 09-11570
-vs-                                     HON. AVERN COHN

COMMISSIONER OF SOCIAL SECURITY,

     Defendant.

_____/


**MEMORANDUM AND ORDER**
**ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,**
**GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
**AND**
**DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**


**I.  INTRODUCTION**

This is a Social Security case.  Cynthia Ann Sorensen (Sorensen) appeals from

the final decision of the Commissioner of Social Security (Commissioner) finding that

she was no longer eligible for benefits.  After a hearing, an Administrative Law Judge

(ALJ) affirmed the Commissioner's decision.  Sorensen claims that she remains

disabled due to mental impairments.

The parties filed cross motions for summary judgment.  The motions were

referred to a Magistrate Judge (MJ) for a report and recommendation (MJRR).  The MJ

recommends that Sorensen's motion for summary judgment be denied and that the

Commissioner's motion for summary judgment be granted.  Sorensen filed timely

objections to the MJRR.

Ordinarily the Court would schedule this matter for hearing. Upon review of the parties' papers, however, the Court finds that oral argument is not necessary. See E.D. Mich. LR 7.1(e)(2). For the reasons that follow, the Court adopts the MJRR. The Commissioner's motion will be granted. Sorensen's motion will be denied. The case will be dismissed.

## II. BACKGROUND

The MJRR sets forth the facts which are not repeated here.

Sorensen filed her original application for Social Security Disability Income Benefits on October 1, 2003. Sorensen alleged that she had become disabled and unable to work due to (1) severe left ankle pain resulting from a car accident and (2) depression. The Commissioner determined that Sorensen was disabled as of January 5, 2003. Benefits were granted in February 2004.

Pursuant to continuing disability review, the Commissioner reviewed Sorensen's case to determine her continuing eligibility for disability benefits. In February 2006, the Commissioner determined that she was no longer disabled due to improvements in her medical condition. Her benefits were terminated on April 1, 2006.

A hearing was held before the ALJ on January 6, 2009. The ALJ issued a decision on January 16, 2009. The ALJ found that Sorensen had regained her functional capacity to perform simple, routine, sedentary work that did not involve repetitive climbing, crouching, crawling, or contact with the public and was no longer disabled. Review was denied by the Appeals Council on February 20, 2009.

### III. LEGAL STANDARD

Judicial review of a Social Security disability benefits application is limited to
determining whether "the Commissioner has failed to apply the correct legal standards
or has made findings of fact unsupported by substantial evidence in the record."
Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 528 (6th Cir. 1977).  A reviewing court
may not resolve conflicts in the evidence or decide questions of credibility.  Brainard v.
Sec'y of HHS, 889 F.2d 679, 681 (6th Cir. 1989).  Substantial evidence is "such relevant
evidence as a reasonable mind might accept as adequate to support a conclusion."
Richardson v. Perales, 402 U.S. 389, 401 (1971).  It is more than a scintilla but less
than a preponderance.  Consol. Edison Co. v. NLRB, 305 U.S. 197, 299 (1938).  The
substantiality of the evidence must be based upon the record taken as a whole.
Futernick v. Richardson, 484 F.2d 647, 649 (6th Cir. 1973).  If the commissioner's
decision is supported by substantial evidence, it must be affirmed even if there is
substantial evidence to support the opposite conclusion.  Casey v. Secretary, 987 F.2d
1230 (6th Cir. 1993); Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc).
The portions of the MJRR that the claimant finds objectionable are reviewed de novo.
28 U.S.C. § 636(b)(1)(C); Smith v. Detroit Fed'n of Teachers, Local 231, 829 F.2d 1370,
1373 (6th Cir. 1987).  Appellate review is precluded with respect to any issue not
contained in the objections to the MJRR.  Thomas v. Arn, 474 U.S. 140, 147-48 (6th Cir.
1986).

### IV.  ANALYSIS

Sorensen raises two objections to the MJRR.  First, she asserts that the MJ and

ALJ were required to consider all medical evidence obtained prior to the ALJ's hearing, but only considered evidence obtained prior to the Commissioner's initial finding of medical improvement. Second, she asserts that the ALJ and MJ failed to give sufficient weight to the opinions of Dr. Lauren Ungar (Ungar), a treating physician.

## A. Relevant Evidence to Finding of Medical Improvement

### 1.

To determine whether a beneficiary's disability continues, the Commissioner must consider (1) whether there has been medical improvement in the individual's condition related to her ability to work and (2) whether the individual can perform substantial gainful activity.  42 U.S.C. §§ 423(f)(1), 1614(a)(4)(A)(I).  In determining whether medical improvement has occurred, the Commissioner must make an assessment of the beneficiary's current condition:

> For purposes of determining whether medical improvement has occurred, we will compare the current medical severity of that impairment(s) which was present at the time of the most recent favorable medical decision that you were disabled or continued to be disabled to the medical severity of that impairment(s) at that time.  If medical improvement has occurred, we will compare your current functional capacity to do basic work activities . . . based on this previously existing impairment(s) with your prior residual functional capacity in order to determine whether the medical improvement is related to your ability to do work.

20 C.F.R. § 404.1594(b)(7).  When applying this regulation, the Sixth Circuit considers the beneficiary's "current" condition to be her condition at the time of the termination of benefits, not at the time of the ALJ's hearing.  Brace v. Commissioner of Social Security, 97 Fed App'x 589, 591-92 (6th Cir. 2004).

**2.**

Sorensen objects to the MJRR because on the basis that the MJ only considered evidence of her mental impairments until 2006 when her disability benefits were terminated. She asserts that he should have considered all medical evidence obtained prior to the ALJ hearing. The relevant comparison point for a beneficiary's current condition is the date of termination of benefits, not the date of the ALJ hearing. Sorensen's benefits were terminated on April 1, 2006, making that date the proper point of comparison. The MJ was not required to consider medical evidence obtained after April 1, 2006 but before the ALJ hearing on January 6, 2009. Sorensen does not contest the MJ's finding that no doctor opined that her mental impairment met or equaled a listed impairment in February 2006; she only asserts that her mental impairment met or equaled a listed impairment in January 2009. There is nothing in the record to contradict the Commissioner's findings regarding Sorensen's mental impairments as of April 1, 2006.

Moreover, the ALJ did not limit his analysis to medical evidence obtained prior to April 1, 2006. He considered Sorensen's mental health evaluations from June 2006, August 2006, December 2007, March 2008, and May 2008. Based on all of this evidence, the ALJ found that Sorensen's depression did not meet or equal a listed impairment. In doing do, he considered all of the medical evidence in the record as well as Sorensen's testimony. The ALJ provided a comprehensive analysis of the medical and non-medical evidence related to Sorensen's mental impairments up to the date of his hearing. Thus there is no basis for Sorensen's argument that the ALJ did not consider evidence of her mental impairment after February 2006.

**B. Testimony Dr. Ungar**

**1.**

It is well established in the Sixth Circuit that a treating physician's opinion is given greater weight than those of physicians who examine a claimant only once or who are hired for the purpose of litigation.  Jones v. Secretary of Health & Human Services, 945 F.2d 1365, 1370 n.7 (6th Cir. 1991).  A treating physician's opinion is given deference only when it is supported by objective clinical evidence.  Warner v. Commissioner of Social Security, 375 F.3d 387, 390 (6th Cir. 2004).

**2.**

Sorensen argues that the ALJ failed to give sufficient weight to the testimony of her treating physician, Dr. Ungar.  In a letter prompted by Sorensen's hearing before the ALJ, Ungar stated that Sorensen "has shown some progress in terms of a reduction in suicidal ideation and self-harming behavior, but continues to have severe social anxiety, impulsivity, and anger management problems. " She concluded that Sorensen "is at risk for being a danger to herself or others if forced by economic necessity to rejoin the work force."  Sorensen asserts that this letter establishes that she is disabled.  Dr. Ungar began treating Sorensen in October 2006, six months after Sorensen's disability benefits were terminated.  Because her assessment and conclusions are not based on the relevant time period, they are arguably not entitled to any weight at all.

Moreover, the ALJ did give appropriate weight to Dr. Ungar's testimony when it is considered as a whole.  The ALJ agreed with Ungar's assessment that Sorensen still suffered from major depression.  However, the ALJ also cited Ungar's assessment on December 26, 2007 that Sorensen no longer complained of anxiety or panic.  In addition, Sorensen testified that she could perform light, unskilled work which did not

entail more than two hours of standing and minimal interaction with the public. Taken as a whole, the ALJ's decision shows that Dr. Ungar's medical evaluations were considered and given appropriate weight. The ALJ did not agree fully with the conclusions stated in Ungar's letter, but the conclusions were inconsistent with Dr. Ungar's prior evaluations of Sorensen as well as Sorensen's own testimony.

In considering Sorensen's residual function capacity, the ALJ incorporated Sorensen's mental impairments. He observed that she suffered from significant depression and required psychotropic medications and significant restrictions in working conditions. He found that she was capable of getting along with others so long as she took her medications. He also found that she would be limited to performing activities involving simple routine tasks with only occasional contact with the public.

In sum, the ALJ did not give Dr. Ungar's January 2009 conclusions controlling weight. Instead, he considered her testimony as a whole, including the assessments that she made while treating Sorensen. These assessments were given controlling weight to the extent that they were not contradicted by direct clinical evidence or Sorensen's own testimony. The ALJ agreed that Sorensen suffered from depression and took this mental impairment into account when assessing her residual functional capacity. The ALJ's decision was based on the medical and testimonial evidence in the record and was supported by substantial evidence.

## V. CONCLUSION

For the reasons stated above, the MJRR is ADOPTED. Sorensen's

motion for summary judgment is DENIED. The Commissioner's motion for summary

judgment is GRANTED. The case is DISMISSED.

SO ORDERED.


Dated: March 29, 2010                 S/Avern Cohn
                                            AVERN COHN
                                            UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the
attorneys of record on this date, March 29, 2010, by electronic and/or ordinary mail.


                                            S/Julie Owens
                                            Case Manager, (313) 234-5160